GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Erik A. Dos Santos (SBN 309998)
edossantos@grahamhollis.com
3555 Fifth Avenue Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff MARK HENDRICKSON
and Aggrieved Employees

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK HENDRICKSON, individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.; and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-00110-AJB-DEB<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>1. **FAILURE TO PROVIDE RECOVERY PERIODS (Labor Code §§ 226.7);**<br>2. **FAILURE TO MAINTAIN ACCURATE RECORDS (Labor Code §§ 1174, 1174.5, 1198, and the "Records" Section of IWC Wage Order No. 7-2001);**<br>3. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Labor Code §§ 226, 226.3, and 1198);**<br>4. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (Bus. & Prof. Code §§ 17200 *et seq.*); and**<br>5. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code §§ 2698 *et seq.*).**<br><br>**DEMAND FOR JURY TRIAL** |

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Plaintiff MARK HENDRICKSON, individually and on behalf of all other similarly situated and/or aggrieved employees of WAL-MART ASSOCIATES, INC., and DOES 1 through 50, inclusive, alleges as follows:

## I.    **INTRODUCTION**

1.    Plaintiff MARK HENDRICKSON ("Plaintiff") brings this individual and putative class action against Defendant WAL-MART ASSOCIATES, INC., and DOES 1 through 50, inclusive (collectively, "Defendants"), for engaging in a pattern of wage and hour violations under the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders.

2.    Plaintiff brings this action on behalf of all current and former employees who were employed by Defendants in the State of California and who worked in any non-exempt position at Defendant's El Centro location, located at 2150 N Waterman Ave, El Centro, CA 92243 (herein referred to as "Defendant's El Centro location") (hereinafter "similarly situated employees").

3.    Plaintiff also brings this representative action pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698, et seq. ("PAGA") against Defendant, and DOES 1 through 50, inclusive, for engaging in wage and hour violations under the California Labor Code and the applicable IWC Wage Order. Plaintiff brings this action on behalf of all other current and former non-exempt employees of Defendants who worked at Defendant's El Centro location, who suffered at least one of the wage and hour violations described herein from the previous one year and 65 days prior to filing the Complaint to the present. (hereinafter "aggrieved employees").

4.    Any limitations period referenced in this complaint is extended pursuant to Emergency Rule 9 (a) of the "Emergency Rules Related to COVID-19," Appendix I to the California Rules of Court, adopted effective April 6, 2020, which provides that the statutes of limitation that exceed 180 days for civil actions are tolled from April 6, 2020 until October 1, 2020 ["Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020 until October 1,

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

2020."] Any reference to the relevant time period or statute of limitations referenced in this complaint is extended into the past by the number of days in which this tolling was in effect.

5.     Plaintiff is informed and believes, and on that basis alleges, that Defendants decreased their employment-related costs by systematically violating California wage and hour laws and engaging in unlawful and unfair business practices.

6.      Defendants' systematic pattern of Labor Code and IWC Wage Order violations toward Plaintiff and other similarly situated and/or aggrieved employees in California include, but are not limited to:

    a.  Failure to provide compliant recovery periods;

    b.  Failure to prevent heat related illnesses;

    c.  Failure to maintain and adequate indoor temperature;

    d.  Failure to maintain accurate records;

    e.  Failure to provide accurate itemized wage statements; and

    f.  Failure to timely pay all wages due during and upon separation of employment.

7.     Plaintiff brings this lawsuit against Defendants seeking damages, restitution, declaratory judgment, injunctive relief, statutory and civil penalties, and monetary relief on behalf of himself and all other similarly situated employees of Defendants in California. Plaintiff seeks to recover, *inter alia*, unpaid recovery period premiums, interest, attorney's fees, damages, liquidated damages, statutory and civil penalties, and costs pursuant to Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.3, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, and 2802 California Business and Professions Code § 17200, *et seq.*, and the provisions of the applicable IWC Wage Order.

8.     Plaintiff reserves the right to name additional representatives.

## II.     <u>PARTIES</u>

**A.     <u>Plaintiff</u>**

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

9.    Plaintiff is a current employee of Defendants, who, at all relevant times, was employed as a Customer Service Associate at Defendant's El Centro location as a non-exempt employee.

10.    Plaintiff is a resident of the State of California and currently resides in Imperial County.

11.    At all relevant times, Plaintiff and, on information and belief, other similarly situated employees of Defendants in California were subject to the same policies, practices, and procedures governing their employment and their payment of wages and hours worked.

12.    Plaintiff is an "aggrieved employee" within the meaning of Labor Code section 2699(c) because he was employed by Defendants and suffered one or more of the violations committed by Defendants.

13.    Plaintiff and all other similarly situated and/or aggrieved current and former employees of Defendants are and were employees of Defendants within the meanings set forth in the Labor Code and IWC Wage Order at all times during the applicable statutory period.

14.    At all relevant times, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees of Defendants in California were subject to the same policies, practices, and procedures governing their employment and their payment of wages and hours worked.

**B.    Defendants**

15.    Defendant WAL-MART ASSOCIATES, INC. is a Delaware corporation with its principal place of business in Arkansas and, at all relevant times, was authorized to conduct business and did conduct business in the State of California.

16.    Defendants' wrongful conduct, as alleged herein, occurred in the County of Imperial, and in the State of California.

17.    Plaintiff is informed and believes, and thereon alleges, that each Defendant, whether named or fictitious, is and, at all relevant times, was authorized to do business and did business in the State of California and was Plaintiff's and other similarly situated and/or

aggrieved employees' "employer" as defined in and subject to the California Labor Code and the applicable IWC Wage Order.

18.    Each of the fictitiously named Defendants participated in the acts alleged in this Complaint.    The true names and capacities of the Defendants named as DOES 1 through 50, inclusive, are presently unknown to Plaintiff.    Plaintiff will amend this Complaint, setting forth the true names and capacities of the fictitious Defendants, if and when their true names and capacities are ascertained.    Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious Defendants participated in the acts alleged in this Complaint.

19.    Plaintiff and all other similarly situated and/or aggrieved employees are, and at all relevant times were, non-exempt employees of each Defendant, including DOES 1 through 50, within the meanings set forth in the California Labor Code and applicable IWC Wage Order.

20.    Plaintiff is informed and believes that at all relevant times, each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf of every other Defendant, and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or employment and ratified the acts of each other Defendant.

21.    Plaintiff is informed and believes that at all relevant times, each Defendant, whether named or fictitious, exercised control over Plaintiff's and other similarly situated and/or aggrieved employees' wages, hours and/or working conditions.

22.    Plaintiff is further informed and believes that at all relevant times, each Defendant, whether named or fictitious, acted as the agent for the other Defendants, carried out a joint scheme, business plan or policy, and the acts of each Defendant are legally attributable to the other Defendants.

23.    Each Defendant, whether named or fictitious, was the alter ego of each of the other Defendants at all relevant times herein.

24.    A unity of interest and ownership between each Defendant, whether named or

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

fictitious, exists such that all Defendants acted as a single employer of Plaintiff and all other similarly situated employees.

25.    Defendants, including DOES 1 THROUGH 50, were Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code section 558.1 and, as such, are liable as the employer for violations of Labor Code sections 203, 226, 226.7, 1193.6, 1194, or 2802, at all relevant times.

26.    Defendants, including DOES 1 THROUGH 50, were Plaintiff's employers or persons acting on behalf of Plaintiff's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code sections 558 and 1197.1, and as such, are subject to civil penalties for each underpaid employee.

### III.    <u>GENERAL ALLEGATIONS</u>

27.    Plaintiff MARK HENDRICKSON is a current employee of Defendants who worked in a non-exempt position as a customer service associate at all times during his employment from approximately 1997 to the present.

28.    Plaintiff was paid at an hourly rate of $19.53 per hour.

29.    At all times, Defendants controlled Plaintiff's worked hours and days worked. Defendants typically scheduled Plaintiff to work approximately four shifts per workweek, approximately ten hours per workday. At many times, Plaintiff worked more than eight hours per workday. Plaintiff has worked both inside and outside during his employment with Defendants.

30.    On information and belief, Plaintiff and other similarly situated employees of Defendants were subject to the same policies, practices, and procedures governing the control and payment of wages and hours worked and were denied specific rights afforded to them under the California Labor Code and applicable IWC Wage Order.

31.    At many times, Plaintiff worked outdoors for Defendants in its Outdoor Garden Area, which is located outdoors. Temperatures in the Outdoor Garden Area and outside the store often exceeded 100 degrees when Plaintiff and other similarly situated /or aggrieved employees worked outdoors. However, Plaintiff and, on information and belief,

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

other similarly situated and/or aggrieved employees were not provided with recovery periods, adequate shade, or cold water when they worked outdoors. Plaintiff and other similarly situated /or aggrieved employees had to provide their own ice to make cold water, and the fans in the Outdoor Garden Area also did not work during the summer months.

32.    Defendants had a pattern and practice of not providing Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees with legally compliant recovery periods, even though Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were subjected to excessive heat and/or humidity resulting in temperatures equaling or exceeding 82° Fahrenheit. Defendants did not provide Plaintiff and, on information and belief, other similar situated employees and/or aggrieved with off-duty access to adequate shade or water when the outdoor temperature exceeded 80 degrees Fahrenheit.

33.    Defendants failed to provide Plaintiff and, on information and belief other similarly situated and/or aggrieved employees with compliant recovery periods and Defendants did not provide them off-duty access to shade when the outdoor temperature at the store exceeded 80 degrees Fahrenheit.

34.    Defendants never notified Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees that they were entitled to recovery periods, nor did Defendants ever offer recovery periods to Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees.

35.    Although Defendants failed to provide Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees with compliant recovery periods, Defendants never paid Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees, an additional hour of pay.

36.    Pursuant to Defendants' policies and procedures, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees of Defendants were denied the opportunity to take legally compliant recovery periods with reasonable comfort, in violation of the applicable Wage Order.

37.    Although Plaintiff and, on information and belief, other similarly situated employees worked in inadequate temperatures, Defendants did not compensate Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees an additional hour of pay at their regular rate of pay when Plaintiff and other similarly situated employees were not provided with compliant recovery periods. On information and belief, Defendant never paid Plaintiff or any other non-exempt employee a recovery period premium wage pursuant to Labor Code § 226.7 despite being aware of its requirement to do so.

38.    Defendants also failed to maintain the indoor temperature within the range of industry standards by providing adequate air conditioning. Defendants also failed to maintain the temperature in toilet rooms, resting rooms, and change rooms during hours of use to no less than 68° F.

39.    Defendants similarly had a pattern and practice of failing to maintain industry standards by providing functioning Air Conditioning systems inside its store. For example, Plaintiff and, on information and belief, other similar situated and/or aggrieved employees submitted complaints to OSHA based on the temperatures inside the store. Based on information and belief, OSHA has notified Defendants that corrections are needed, yet Defendants have and continue to fail to provide recovery periods, cold water, and fix its air condition system.

40.    Since May 2022, the temperature inside the store regularly has reached over 80 degrees, while the average temperature inside the El Centro location in August 2022 reached up to 106 degrees. These practices and policies resulted in Defendants' failure to maintain temperature providing reasonable comfort in violation of Labor Code section 1198.

41.    Thus, as a result of Defendants' illegal policies, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees dealt with heat related illnesses, with four employees losing consciousness at work due to the heat. Some employees have been transported out of Defendants' store in an ambulance due to the heat.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Further, Plaintiff has suffered heat related illnesses almost every day as a result of the foregoing.

42.    As a direct result of Defendants' failure to pay Plaintiff and other similarly situated and aggrieved employees all recovery period premiums owed, Defendants failed to maintain payroll records showing the wages paid to Plaintiff and other similarly situated and aggrieved employees. The records maintained by Defendants for Plaintiff and other similarly situated and aggrieved employees are incomplete and inaccurate and fail to comply with the requirements of Labor Code § 1174(d) and the Records section of the applicable IWC Wage Order.

43.    Defendants also intentionally and knowingly failed to provide Plaintiff and other similarly situated and aggrieved employees with accurate itemized wage statements as required by Labor Code § 226 and the Records section of the applicable IWC Wage Order, as Plaintiff and other similarly situated and aggrieved employees were not properly compensated all recovery period premiums owed due to Defendants' failure to provide recovery periods and pay recovery period premiums.

44.    As a result of the foregoing, the wage statements issued by Defendants did not include the correct amount of gross and net wages earned, and all applicable hourly rates, as required under Labor Code § 226. As a result of Defendants' failure to include the correct information on the wage statements that were issued, Plaintiff and other similarly situated and aggrieved employees were unable to promptly and easily determine from their wage statement alone the correct amount of the total hours worked, and the gross and net wages earned and owed during the pay period.

45.    Defendants maintained a pattern and practice of failing to timely pay aggrieved employees' all wages due and owing, as required by Labor Code §§ 201 and 202 upon separation of their employment. Defendants failed to pay aggrieved employees' all wages due and owing at the time of separation of their employment because Defendants willfully failed aggrieved employees all recovery period premiums owed upon their separation of employment. Further, Defendants have failed to pay aggrieved employees

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

9

waiting time penalties, in violation of the Labor Code.

46.    To this date, Defendants have not paid Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees all wages owed, including all recovery premium wages.

47.    Plaintiff is informed and believes that Defendants maintained a pattern and practice of failing to pay Plaintiff and other similarly situated employees all wages due and owing during their employment within the time specified by Labor Code § 204 because Defendants failed to pay Plaintiff and all aggrieved employees all recovery period premium wages.

48.    Based on the foregoing violations of the Labor Code and IWC Wage Order, Defendants engaged in unfair business practices in California and willingly and knowingly engaged in employment patterns and practices that violated Business & Professions Code § 17200 *et seq.*, and Plaintiff and, on information and belief, other similarly situated employees suffered damages due to Defendants' unfair, unlawful and/or fraudulent actions.

## IV.    CLASS ACTION DESIGNATION

49.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

50.    Plaintiff brings Causes of Action One through Four as a Class Action pursuant to California Code of Civil Procedure § 382 or, in the alternative, FRCP Rule No. 23, on behalf of himself and all current and former employees of Defendants in California and who worked in any non-exempt position at Defendant's El Centro location and who were affected by Defendants' Labor Code, and IWC Wage Order violations, as alleged herein.

51.    Plaintiff seeks to represent the following Classes, which are defined as:

**The Non-Exempt Class**:

"All current and former employees of Defendant WAL-MART ASSOCIATES, INC. in the State of California who worked in any non-exempt position at Defendant's El Centro location since four (4) years prior to the filing of this action to the present, plus

10

any additional time during which the statutes of limitation for the causes of action herein were tolled pursuant to Emergency Rule 9 of the California Rules of Court, the 'Emergency Rules Related to COVID-19, through the present, and worked at least one shift when the outdoor temperature was at or exceeded 80 degrees Fahrenheit."

52.    **Reservation of Rights**: Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or limitation to particular issues.

53.    Causes of Action One through Five are appropriately suited for a class action pursuant to § 382 of the Code of Civil Procedure, or, in the alternative, FRCP Rule 23 because the following requirements are met:

**A.    <u>Numerosity</u>**

54.     The members of the Class and Subclass are sufficiently numerous to render the joinder of all their members impracticable.  While Plaintiff has not yet determined the precise number of members of the Class and Subclass, Plaintiff is informed and believes that the Class and Subclass likely consist of over 200 individuals.  Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' time and payroll records and other personnel records.

**B.    <u>Commonality and Predominance</u>**

55.    Common questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Class or Subclass.  The common questions of law and fact that predominate include, but are not limited to:

a.    Whether Defendants failed to authorize and permit Non-Exempt Class members to take recovery periods or provide access to adequate shade and/or water during the recovery periods;

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

b.      Whether Defendants failed to prevent heat related illnesses;

c.      Whether Defendants' improper practice of failing to provide recover periods results in Non-Exempt Class members suffering heat related illnesses;

d.      Whether Defendants failed to pay one additional hour of pay at the employees' regular rate of compensation to Non-Exempt Class members when they were not provided with compliant recovery periods;

e.      Whether Defendants failed to pay Non-Exempt Class members recovery period premium wages owed;

f.      Whether Defendants failed to properly and accurately record and maintain records of all recovery period premiums owed to Non-Exempt Class members;

g.      Whether Defendants failed to provide Non-Exempt Class members with accurate itemized wage statements showing, among other things, the recovery period premiums owed;

## C.    Typicality

56.    Plaintiff's claims are typical of the claims of all class members because Plaintiff and all class members' claims arise from the same event, practice and/or course of conduct of Defendants.  Plaintiff and all class members sustained injuries and damages as a result of Defendants' illegal policies, practices and/or common course of conduct in violation of California wage and hour laws and/or illegal, unfair, or fraudulent business practices.

57.    Furthermore, Plaintiff's claims under the Labor Code and the applicable IWC Wage Order are typical of the Class and Subclass because Defendants' failure to comply with the provisions of California's wage and hour laws entitles Plaintiff and each class member to similar pay, benefits, and other relief.  Accordingly, the legal theories underlying each cause of action are the same and the remedies sought by Plaintiff and all

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

class members are the same.

**D.   Adequacy of Representation**

58.   Plaintiff has no fundamental conflict of interest with the Class or Subclass he seeks to represent.  Plaintiff will adequately protect the interests of all class members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and putative class members.

59.   Plaintiff retained attorneys who are experienced employment law litigators with significant wage and hour and class action experience.

**E.   Superiority of Class Action**

60.   Plaintiff believes a class action is a superior method of litigation for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable.  Class action treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

61.   Plaintiff knows of no difficulty that might be encountered in the management of this suit, which would preclude maintenance as a class action.

**V.    THE PAGA REPRESENTATIVE ACTION DESIGNATION**

62.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

63.   The Fifth Cause of Action alleged herein is appropriately suited for a PAGA action because:

a.    Pursuant to Labor Code section 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of the Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and all other current or former employees pursuant to the procedures specified in section 2699;

b.    This action involves allegations of violations of provisions of the Labor

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

13

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

Code that provide or do not provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees;

        c.     Plaintiff is an "aggrieved employee" because he was employed by the alleged violators and had one or more of the alleged violations committed against him;

        d.     On August 19, 2022, Plaintiff satisfied the procedural requirements of Labor Code § 2699.3 by serving the LWDA electronically and Defendant WAL-MART ASSOCIATES, INC. via Certified Mail with his notice for wage and hour violations and penalties, including the facts and theories to support each violation. A true and correct copy of Plaintiff's notice and proof of service is attached as **Exhibit A**:

        e.     More than 65 days have passed since Plaintiff served notice via Certified Mail to the LWDA and his employers. Therefore, Plaintiff satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to Labor Code sections 2698–99.5.

        f.     Plaintiff filed this action pursuant to Labor Code sections 2699(a), (f), on behalf of himself and all other aggrieved employees of Defendant to recover civil penalties.

        g.     Defendants were Plaintiffs' employers or persons acting on behalf of Plaintiffs' employer, within the meaning of California Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties, as set forth in Labor Code section 558, at all relevant times.

        h.     Defendants were Plaintiff's employers or persons acting on behalf of Plaintiff's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code section 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties.

///

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

# VI.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE RECOVERY PERIODS

(Violation of Labor Code § 226.7, 6720, and of California Code of Regulations, Title 8, § 3395)

(Alleged by Plaintiff Individually and on Behalf of the Non-Exempt Class Against All Defendants)

64.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

65.    Labor Code § 226.7(a) states that, "'recovery period' means a cooldown period afforded an employee to prevent heat illness."

66.    Labor Code § 226.7(b) states that, "[a]n employer shall not require an employee to work during a . . . recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational and Health Standards Board, or the Division of Occupational Safety and Health."

67.    California Code of Regulations, Title 8, Section 3395(d)(1) provides that, "[s]hade shall be present when the temperature exceeds 80 degrees Fahrenheit.  When the outdoor temperature in the work area exceeds 80 degrees Fahrenheit, the employer shall have and maintain one or more areas with shade at all times while employees are present that are either open to the air or provided with ventilation or cooling . . . The shade shall be located as close as practicable to the areas where the employees are working."

68.    California Code of Regulations, Title 8, Section 3395(d)(3) provides that, "[e]mployees shall be allowed and encouraged to take a preventative cool-down rest in the shade when they feel the need to do so to protect themselves from overheating. Such access to shade shall be permitted at all times. An individual employee who takes a preventative cool-down rest . . . shall not be ordered back to work until any signs or symptoms of heat illness have abated, but in no event less than 5 minutes in addition to the time needed to

GRAHAM **HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

15

access the shade."

69.    California Code of Regulations, Title 8, Section 3395(i) provides that "[t]he employer shall establish, implement, and maintain, an effective heat illness prevention plan. The plan shall be in writing in both English and the language understood by the majority of the employees and shall be made available at the worksite to employees and to representatives of the Division upon request."

70.    Defendants failed to make a heat illness prevention plan available at the worksite to Plaintiff, and on information and belief, to the Non-Exempt Class.

71.    Plaintiff and, on information and belief, the Non-Exempt Class were subject to the same policies, practices, and procedures governing the provision and scheduling of recovery periods.

72.    On information and belief, Defendants have a pattern and practice of requiring Plaintiff and the Non-Exempt Class to remain on duty at all times, and of not providing them with compliant recovery periods when the outdoor temperature in the work area exceeded 80 degrees Fahrenheit.

73.    Labor Code § 226.7(d) requires employers, including Defendants, to provide to their non-exempt employees, including Plaintiff, paid recovery periods as mandated by California law.

74.    Labor Code § 226.7(c) states that "[i]f an employer fails to provide an employee a . . . recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the . . . recovery period is not provided."

75.    Even though Plaintiff and, on information and belief, Non-Exempt Class members were not authorized and permitted to take off-duty recovery periods, Defendants did not pay Plaintiff and the Non-Exempt Class appropriate recovery period premium

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

wages for each day in which Defendants did not authorize and permit Plaintiff and the Non-Exempt Class to take compliant recovery periods, in violation of Labor Code § 226.7 and California Code of Regulations, Title 8, Section 3395(d).

76. On information and belief, Defendants have a common policy, pattern, and practice of failing to compensate Plaintiff and the Non-Exempt Class with an hour of pay at their regular rate of pay for the times that Plaintiff and the Non-Exempt Class were not authorized to take recovery periods, in violation of Labor Code § 226.7 and California Code of Regulations, Title 8, Section 3395(d).

77. Plaintiff and the Non-Exempt Class suffered and continue to suffer losses related to Defendants' failure to pay an additional hour of pay for each day a recovery period was not provided and the associated use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code and California Code of Regulations, Title 8 violations.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SECOND CAUSE OF ACTION
## FAILURE TO MAINTAIN ACCURATE RECORDS

(Violation of Labor Code §§ 1174, 1174.5, 1198, and the "Records" Section of IWC Wage Order No. 7-2001)

(Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

78. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

79. Labor Code § 1174(d) requires that employers, including Defendants, maintain accurate records showing the hours worked daily by its employees and to whom wages were paid.

80. Additionally, the "Records" section of the applicable IWC Wage Order obligates the employer, including Defendants, to keep accurate information with respect to each one of their employees including, but not limited to, the recovery period premium

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

17

wages owed.

81.     Defendants violated Labor Code §§ 1174(d) and 1198, and the applicable Wage Order when they failed to keep accurate information and records regarding each employees' recovery period premium wages owed. Defendants did not provide Plaintiff and, on information and belief, Non-Exempt Class members any recovery period premium wages when they were not provided with compliant recovery periods.

82.     Pursuant to Labor Code § 1174.5, any person employing labor who willfully fails to maintain accurate and complete records required by Labor Code § 1174(d) is subject to a penalty. On information and belief, Defendants intentionally failed to maintain accurate records of the Non-Exempt Class members' recovery period premium wages owed.

83.     Labor Code § 1198 states in relevant part, "The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

84.     The "Records" section of IWC Wage Order No. 7-2001 states that every employer shall keep accurate information with respect to each one of its employees, including time records showing when the employee begins and ends each work period, meal periods, total daily hours worked, total wages paid each payroll period, and total hours worked in the payroll period and applicable rates of pay.

85.     As a direct result of Defendants' violations alleged herein, Plaintiff and Non-Exempt Class members have suffered and continue to suffer substantial losses related to Defendants' failure to record and maintain records of recovery period premium wages owed.

86.     Plaintiff, individually and on behalf of the Non-Exempt Class, seeks all available remedies for Defendants' violations including, but not limited to, penalties and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Violation of Labor Code §§ 226, 226.3, and 1198)

(Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

87.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

88.     Labor Code § 226(a) requires that employers, including Defendants, furnish their employees with each wage payment an accurate and itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

89.     Labor Code § 226(e), in part, permits employees suffering injury to collect the greater of all actual damages or the amount specified in Labor Code § 226 per violation.

90.     Labor Code § 226(e)(2)(B) states, in pertinent part, "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."

91.     Labor Code § 226(h) states, "An employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees."

92.     Labor Code § 223.6 states that, "Any employer who violates subdivision (a)

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

93.    Labor Code § 1198 states in relevant part, "The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

94.    As a result of Defendants' conduct during the applicable statutory period, Defendants knowingly and intentionally failed to provide Plaintiff and Non-Exempt Class members an accurate itemized wage statement with each wage payment as required by Labor Code § 226(a). Defendants knowingly and intentionally failed to provide Plaintiff and members of the Non-Exempt Class with each wage payment an accurate wage statement showing, among other things, the recovery period premium wages owed.

95.    Defendants' failure to provide accurate wage statements with this information deprived Plaintiff and members of the Non-Exempt Class of the ability to promptly and easily understand and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants. Plaintiff and members of the Non-Exempt Class, therefore, had no way to dispute any error in the payment or calculation of their wages, all of which resulted in an unjustified economic enrichment to Defendants, and Plaintiff and members of the Non-Exempt Class suffered actual damages as a result.

96.    Defendants' failure to provide accurate itemized wage statements constitutes an injury as defined under Labor Code § 226(e)(2)(B). Therefore, Plaintiff and members of the Non-Exempt Class have suffered an injury for purposes of Labor Code § 226 and are entitled to recover the greater of all actual damages or the amount specified in § 226 per violation.

97.    Plaintiff and Non-Exempt Class members suffered and continue to suffer injuries, losses and actual damages as a direct result of Defendants' Labor Code violations,

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

including lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations, in an amount to be shown according to proof at trial.

98.     Plaintiff seeks to recover all available remedies including, but not limited to damages, penalties, attorney's fees, costs, and injunctive relief to the fullest extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

(Bus. & Prof. Code §§ 17200 *et seq.*)

99.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

100.    As codified in Business & Professions §§ 17200 *et seq.*, California's Unfair Competition Law ("UCL") broadly prohibits "any unlawful, unfair or fraudulent business act or practice."

101.    A cause of action may be brought under the UCL if a practice violates some other law. The "unlawful" prong of the UCL effectively deems a violation of the underlying law a per se violation of Business & Professions Code §§ 17200 *et seq*. (*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 377, 383.)

102.    Defendants' Labor Code and IWC Wage Order violations alleged herein constitute "unlawful, unfair or fraudulent business act or practices," which are prohibited by Business and Professions Code §§ 17200-17208 and include, but are not limited to: (i) failure to provide proper recovery periods and pay Plaintiff and Non-Exempt Employees premium wages for failure to provide compliant recovery periods; (ii) failure to provide to adequate air conditioning, shade, and/or water; (iii) failure to maintain accurate records; (iv) failure to provide Plaintiff and the Non-Exempt Employees with accurate itemized wage statements; and (v) failure to timely pay Plaintiff and the Non-Exempt Employees of the Waiting Time Penalties Subclass all wages owed upon separation of their employment

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

with Defendant.

103.    Defendants intentionally avoided paying Plaintiff and the Non-Exempt Class all wages and/or monies, and other financial obligations attached thereto, to create for Defendants an artificially lower cost of doing business, and thus, undercut its competitors.

104.    Defendants lowered their costs of doing business by not maintaining industry standards and paying Plaintiff and the Non-Exempt Class an amount less than what is required by the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission, thereby unfairly forcing Plaintiff and other similarly situated employees to perform work without fair compensation and benefits.

105.    Defendants held themselves out to Plaintiff and the Non-Exempt Class as being knowledgeable about, and adhering to, the employment laws of California at all times relevant herein.  Plaintiff and the Non-Exempt Class relied on and believed in Defendants' representation concerning Defendants' adherence to the California laws, all to their detriment.

106.    Defendants' scheme to lower its payroll and operation costs and thus profit, by withholding money owed to the class and withholding wages, compensation and benefits, which are all the property of Plaintiff and the Non-Exempt Class, in violation of the California Labor Code and the IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or practice," under California Business and Professions Code § 17200, *et seq*.  As a result of Defendants' unfair competition, Plaintiff and the Non-Exempt Class suffered injury in fact by losing money and/or property.

107.    Business and Professions Code § 17204, states, in relevant part, "[a]ctions for relief pursuant to this chapter shall be prosecuted…by…a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

108.    Plaintiff and the Non-Exempt Class are persons in interest under Business and Professions Code § 17203 to whom money and property should be restored.  Business and Professions Code § 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

requirements of Section 17204."

109.    Plaintiff is a person who suffered injury in fact and lost money, wages, compensation, and benefits, as a result of Defendants' unfair competition.  Thus, pursuant to Business and Professions Code §§ 17203 and 17204, Plaintiff may pursue representative claims and relief on behalf of himself and the putative classes.

110.    Pursuant to Business and Professions Code § 17203, "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

111.    Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the Non-Exempt Class by committing the unlawful acts alleged herein.  Thus, Defendants must make restitution and/or be subject to other equitable relief pursuant to Business & Professions Code § 17203 and restore all unpaid wages to Plaintiff and the Non-Exempt Class.

112.    Plaintiff and the Non-Exempt Class suffered and continue to suffer loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

113.    Plaintiff seeks all available remedies on behalf of himself and on behalf of the Non-Exempt Class, including, but not limited to, restitution of all wages and all monies owed, all in an amount to be shown according to proof at trial.  All such remedies are cumulative of relief available under other laws, pursuant to Business & Professions Code § 17205.

## FIFTH CAUSE OF ACTION

## REPRESENTATIVE CLAIMS UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004

(Labor Code § 2698, *et seq.*)

114.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

115.   Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

116.   This cause of action involves allegations of violations of Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 225.5, 226, 226.3, 226.7, 512, 558, 558.1, 1174, 1174.5, 1194.2, 1198, and 6720 which, pursuant to Labor Code § 2699.5, provide for a civil penalty to be assessed and collected by the LWDA or recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

117.   Defendants employed Plaintiff and Plaintiff had one or more of the alleged violations committed against him. Therefore, Plaintiff is an "aggrieved employee" under PAGA because the alleged violator employed him and he had one or more of the alleged violations committed against him. As such, Plaintiff is properly suited to represent the interests of other aggrieved employees in a PAGA Representative action.

118.   Labor Code § 6720 states that the Division of Occupational Safety and Health shall adopt a "standard that minimizes heat-related illness and injury among workers working in indoor places of employment."

119.   Labor Code § 6720 states that "[t]he standard shall be based on environmental temperatures, work activity levels, and other factors," and "shall take into consideration heat stress and heat strain guidelines." Cal/OSHA's draft standard applies its proposed regulations to "all indoor work areas where the temperature equals or exceeds 82 degrees Fahrenheit when employees are present."

120.   Labor Code § 1198 states:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

121.   Section 15 of the IWC Wage Orders, states:

(A) The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed.

(B)  If excessive heat or humidity is created by the work process, the employer shall take all feasible means to reduce such excessive heat or humidity to a degree providing reasonable comfort. Where the nature of the employment requires a temperature of less than 60° F., a heated room shall be provided to which employees may retire for warmth, and such room shall be maintained at not less than 68°.

(C) A temperature of not less than 68° shall be maintained in the toilet rooms, resting rooms, and change rooms during hours of use.

(D) Federal and State energy guidelines shall prevail over any conflicting provision of this section.

122.   OSHA recommends temperature control in the range of 68-76° F for indoor workspaces and humidity control in the range of 20%-60%.

123.   Defendants failed to provide Plaintiff and other aggrieved employees with reasonable comfort by maintaining the indoor temperature within the range of industry standards by, inter alia, providing adequate air conditioning when indoor temperatures during the summer months at Defendant's location often exceeded 100 degrees when Plaintiff and other aggrieved employees worked inside.

124.   On information and belief, Defendants have had an opportunity to cure its Labor Code violations, but has not, to date.

125.   Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

of $100 for each aggrieved employee per pay period for the initial violation of Labor Code § 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

126. Plaintiff seeks to recover civil penalties pursuant to Labor Code §§ 558, 558.1, and 1197.1, on behalf of himself and other aggrieved employees for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor Code §§ 201, 202, 204, 221, 223, 226, 226.7, 510, 512, 558, 1174(d), 1197, 1198.

127. For all provisions of the Labor Code for which a civil penalty is not specifically provided, Labor Code § 2699(f) imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

128. Defendants violated Labor Code §§ 226.7, 512, and 1198 by failing to provide Plaintiff and aggrieved employees lawfully compliant recovery periods and by failing to pay them recovery period premium wages for each day a recovery period was not provided. Under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 226.7 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

129. Defendants violated Labor Code §§ 226.7 and 1198 by failing to authorize and permit Plaintiff and aggrieved employees to take recovery periods and by failing to pay them recovery period premium wages for each day a recovery period was not provided. Under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 226.7 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

130. Defendants violated Labor Code §§ 510, 1194, and 1198, by not paying Plaintiff and other aggrieved employees all recovery period premium wages earned for all the time they were suffered or permitted to work, engaged in work and/or under Defendants' control, as alleged herein. At all relevant times, Plaintiff and, on information

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

and belief, other aggrieved employees were not paid all recovery period premium wages when they worked under lawful conditions. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 223, 1194, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

131.    Under Labor Code § 225.5, Defendants, in addition to, and entirely independent and apart from, any other penalty, are subject to a civil penalty for unlawfully withholding wages due Plaintiff and other aggrieved employees in violation of Labor Code § 223 as follows: (1) For an initial violation, one hundred dollars ($100.00) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200.00) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.  This amount shall be recovered on behalf of the Labor Commissioner.

132.    Defendants violated Labor Code §§ 201, 202, and 1198 by not paying Plaintiff and aggrieved employees all recovery premium wages owed by the time set forth by law upon their separation of employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 201, 202, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

133.    Defendants violated Labor Code §§ 204 and 1198 by not paying Plaintiff and aggrieved employees all recovery premium wages owed by the time set forth by law during their employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 204, 1174(d), and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

134.    Under Labor Code § 210(a), Defendants, in addition to, and entirely independent and apart from any other penalty, are subject to a civil penalty for failing to pay the wages of each aggrieved employee as provided in Labor Code § 204, as follows:

27

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each aggrieved employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each aggrieved employee, plus 25 percent of the amount unlawfully withheld.  This amount shall be recovered on behalf of the Labor Commissioner.

135.   Defendants violated Labor Code §§ 226(a), 1174(d), and 1198 by failing to maintain records detailing the recovery period premium wages owed, and knowingly and intentionally failing to maintain and provide Plaintiff and other aggrieved employees of Defendants with wage statements itemizing accurately all information required by Labor Code § 226(a), as alleged herein, including the total hours worked, all regular hours worked, all overtime hours worked, the applicable hourly rate per hour worked, and the total wages earned. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 226(a) and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

136.   Alternatively, Labor Code § 226.3 provides for a civil penalty in the amount of $250 per violation in an initial citation and $1,000 for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of § 226.

137.   Labor Code § 1174.5 provides for a civil penalty of $500 for any person employing labor who willfully fails to maintain accurate and complete records required by subdivision (d) of § 1174.

138.   Defendants are and were Plaintiff's and aggrieved employees' employers or other person(s) acting either individually or as an officer, agent, or employee of another person(s), who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the Commission, and, as such, are subject to civil penalties for each underpaid employee pursuant to Labor Code § 1197.1.

139.   Labor Code § 1197.1 imposes upon Defendants for each initial violation of

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Labor Code § 1197 by paying or causing an employee to be paid less than the minimum wage, a civil penalty of $100.00 for each underpaid employee for each pay period for which the employee is underpaid. Furthermore, Labor Code § 1197.1 imposes upon Defendants for each subsequent violation a civil penalty of $250.00 for each underpaid employee for each pay period for which the employee was underpaid. The civil penalty recoverable under Labor Code § 1197.1 is in addition to an amount sufficient to recover the underpaid wages, as well as liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties imposed pursuant to Labor Code § 203, which shall be paid directly to each affected employee.

140. Defendants are and were Plaintiff's and other aggrieved employees' employers, or persons acting on their behalf, within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order and, as such, are subject to civil penalties for each underpaid employee as set forth in Labor Code § 558.

141. Pursuant to Labor Code § 558, Defendants are subject to a civil penalty of $50.00 for an initial violation of Labor Code §§ 510 and 512, for each aggrieved employee, for each pay period for which the aggrieved employee was not provided with all recovery period premium wages, as alleged herein. Furthermore, Labor Code § 558 imposes upon Defendants for each subsequent violation of Labor Code §§ 510 and 512, a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with all recovery period premium wages, as alleged herein.

142. Pursuant to Labor Code § 558.1, Defendant is an employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating the "Hours and Days of Work" and the "Minimum Wages" sections of the Applicable Wage Order, or who violates, or causes to be violated, sections 203, 226, 226.7, 1193.6, 1194, or 2802 of the Labor Code, and is subject to a civil penalty for each initial and/or subsequent violation. Defendant committed such violations when it failed to pay all recovery periods or pay recovery period premium wages, to provide accurate itemized

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

wage statements, and to timely pay all wages due, as alleged herein.

143.   For bringing this action, Plaintiff is additionally entitled to attorney's fees and costs incurred herein.

144.   Plaintiff seeks to recover civil penalties on behalf of himself and other aggrieved employees for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.3, 226.7, 512, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, and 1198, pursuant to Labor Code § 2698, *et seq*. The exact amount of the applicable penalties is in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## **PRAYER FOR RELIEF**

WHEREFORE**,** Plaintiff prays for judgment against Defendants as follows:

a.   For general damages;

b.   For special damages;

c.   For an award of liquidated damages to the extent permissible by Labor Code § 1194.2;

d.   For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 218.6, 226, and 1194;

e.   For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and the Orders of the Industrial Welfare Commission;

f.   For restitution as provided by Business and Professions Code § 17200, *et seq.*;

g.   For an order requiring Defendants to restore and disgorge all funds to each affected person acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore,

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

constituting unfair competition under Business and Professions Code § 17200, *et seq.*;

h.    For an award of damages in the amount of unpaid compensation and monies including, but not limited to actual damages, unpaid wages, waiting time penalties and other penalties according to proof, including interest thereon, to the extent permissible by law;

i.    For an award of an additional hour of pay at the regular rate of compensation for each noncompliant recovery period, pursuant to Labor Code § 226.7 and the applicable Order of the Industrial Welfare Commission;

j.    For an award of the greater of actual damages or the liquidated damage amounts provided by Labor Code § 226(e) for Defendants' failure to provide accurate itemized wage statements, pursuant to Labor Code § 226(a);

k.    For injunctive relief as provided by the Labor Code including but not limited to Labor Code §§ 226(h), and Business and Professions Code § 17200, *et seq.*

l.    For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code §§ 218.6 and 1194;

m.    For an order imposing a constructive trust upon Defendants to compel it to transfer wages that have been wrongfully obtained and held by Defendants to unpaid employees;

n.    For an accounting to determine all money wrongfully obtained and held by Defendants;

o.    For a declaratory judgment that Defendants violated Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.3, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, and 2802, as well as the "Minimum Wages" and "Records" sections of

31

the Wage Order of the Industrial Welfare Commission;

p.    For all applicable civil penalties under PAGA, to the extent permitted by law, on behalf of Plaintiff and all other aggrieved employees of Defendants in California, and

q.    An award of such other and further relief as this Court deems proper and just.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all Causes of Action to the extent authorized by law.

Dated: March 3, 2023                    GRAHAM**HOLLIS** APC


By:  /s/ Erik A. Dos Santos
GRAHAM S.P. HOLLIS
VILMARIE CORDERO
ERIK A. DOS SANTOS
Attorneys for Plaintiff
MARK HENDRICKSON

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

# EXHIBIT A



August 19, 2022

**Attorneys at Law**

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

**www.grahamhollis.com**

Erik Dos Santos
edossantos@grahamhollis.com
619.906.4026 direct

**VIA ONLINE ELECTRONIC FILING**

California Labor and Workforce
Development Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612

**CERTIFIED MAIL (RETURN RECEIPT)**

Wal-Mart Associates, Inc.
c/o 1505 Corporation 112
12 C T Corporation System
330 N Brand Blvd, Ste 700
Glendale, CA 91203

Wal-Mart Associates, Inc.
702 SW 8th Street
Bentonville, AR 72716

Graham S.P. Hollis

Vilmarie Cordero

Hali Anderson

Nathan Reese

David Lin

Erik Dos Santos

Nora Steinhagen

Alyssa Smith

Allison Schubert

Dustin S. Delp

Alex Kuner

Dawn M. Berry

*Provisionally Licensed Lawyer

 Re: Mark Hendrickson's Wage and Hour Claims Against Wal-Mart
    Associates, Inc.

Dear Labor and Workforce Development Agency and Wal-Mart Associates, Inc.:

   Please be advised that Mark Hendrickson ("Claimant") has retained our firm to represent him for claims against his employer Wal-Mart Associates, Inc.("the Company").

   This letter shall serve as Claimant's written notice to the Labor and Workforce Development Agency ("LWDA") and the Company of the alleged Labor Code violations Claimant claims that the Company committed against him and all other aggrieved employees in California. Claimant provides this notice in accordance with the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2699.3. Claimant desires to file a civil action to enforce his rights under the Labor Code and seek compensation accordingly.

   Pursuant to Labor Code § 2699(a), and by way of this letter, Claimant also intends to represent all other current and former non-exempt store employees who performed work for the Company in California and who have suffered at least one of the wage and hour violations described herein during the relevant time period (hereinafter collectively "aggrieved employees").



August 19, 2022
Page 2

## FACTUAL BACKGROUND

Wal-Mart Associates, Inc. is a Delaware corporation that operates Wal-Mart retail stores throughout the entire state of California. The Company operates throughout the entire United States. Claimant works for the Company as a Customer Service Associate at the Company's retail location in El Centro, California. Claimant is paid an hourly rate of $19.53. Claimant has worked for the Company for 25 years. At all times, Claimant has been non-exempt employee and was compensated on an hourly basis.

The Company failed to provide Claimant and, on information and belief, other aggrieved employees with compliant recovery periods, as the Company did not provide them off-duty access to adequate shade when the outdoor temperature exceeded 80 degrees Fahrenheit. Temperatures in the Outdoor Garden Area of the store often exceed 100 degrees. However, Claimant and, on information and belief, other aggrieved employees are not provided with recovery periods, adequate shade, or water.

Claimant and other aggrieved employees are also subjected to excessive heat and/or humidity resulting in temperatures equaling or exceeding 82° F. The Company fails to provide Claimant and other aggrieved employees with reasonable comfort by maintaining the indoor temperature within the range of industry standards by providing adequate air conditioning. The Company also failed to maintain the temperature in toilet rooms, resting rooms, and change rooms during hours of use to no less than 68° F. For example, Claimant's location in El Centro has not had a functioning Air Conditioning system since May 2022. Every day since then, the temperature inside the store has reached over 80 degrees. The average temperature for El Centro in August is 106 degrees. Aggrieved employees deal with heat related illnesses every day and about four employees have lost consciousness at work due to the heat. Some employees have had to be transported out of the store in an ambulance due to the heat. Claimant  has also suffered heat related illnesses almost every day.  As a result, Claimant, other aggrieved employees, and customers have submitted complaints to OSHA. Based on information and belief, OSHA has notified the Company that corrections are needed. However, the Company has and continues to fail to provide recovery periods and/or extra water, and fails to pay a recovery period premium when a recovery period is not provided. Instead, it pressures employees to continue working in the excessive heat.

The Company never notified Claimant and, on information and belief, other aggrieved employees that they were entitled to recovery periods, nor did the Company ever offer recovery periods to Claimant and, on information and belief, other aggrieved employees. The Company also failed to pay Claimant and, on information and belief, other aggrieved employees an additional hour of pay when they were not provided with compliant recovery periods.

As a result of the foregoing, the Company further failed to maintain accurate records reflecting all of Claimant's and other aggrieved employees' wages paid, in violation of California law.

In addition, the Company failed to accurately keep all the information required under Labor Code section 226(a).  The wage statements issued by the Company also did not include all the required items provided for in Labor Code section 226.  For example, the wage statements issued by the Company did not include all recovery period premiums owed as required under Labor Code section 226.

Lastly, as a direct result of the aforementioned Labor Code violations, the Company did not pay Claimant and, on information and belief, other aggrieved employees all wages due and payable during and

August 19, 2022
Page 3



upon separation of employment, including minimum, regular, and overtimes wages for all recovery period premium wages, as required pursuant to Labor Code sections 201, 202 and 204.

Due to the foregoing Labor Code violations, the Company denied Claimant and other aggrieved employees certain rights afforded them under the California Labor Code and IWC Wage Orders. Claimant makes these claims against the Company on behalf of himself and all other aggrieved current and form

### FAILURE TO PROVIDE RECOVERY PERIODS AND FAILURE TO PREVENT HEAT RELATED ILLNESSES
(Labor Code sections 226.7, 6720, and California Code of Regulations, Title 8, section 3395)

Labor Code section 226.7(a) states that, "'recovery period' means a cooldown period afforded an employee to prevent heat illness." Labor Code section 226.7(b) states that, "[a]n employer shall not require an employee to work during a … recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational and Health Standards Board, or the Division of Occupational Safety and Health." Labor Code section 226.7(c) states that "[i]f an employer fails to provide an employee a … recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the … recovery period is not provided."

California Code of Regulations, Title 8, Section 3395(d)(1) provides that, "[s]hade shall be present when the temperature exceeds 80 degrees Fahrenheit. When the outdoor temperature in the work area exceeds 80 degrees Fahrenheit, the employer shall have and maintain one or more areas with shade at all times while employees are present that are either open to the air or provided with ventilation or cooling … [t]he shade shall be located as close as practicable to the areas where the employees are working."

Labor Code section 1198 requires an employer to comply with the standard conditions of labor for California employees as set forth by the Industrial Welfare Commission ("IWC"). Section 15 of the IWC Wage Orders, states: (A) The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed. (B) If excessive heat or humidity is created by the work process, the employer shall take all feasible means to reduce such excessive heat or humidity to a degree providing reasonable comfort. Where the nature of the employment requires a temperature of less than 60° F., a heated room shall be provided to which employees may retire for warmth, and such room shall be maintained at not less than 68°. (C) A temperature of not less than 68° shall be maintained in the toilet rooms, resting rooms, and change rooms during hours of use. (D) Federal and State energy guidelines shall prevail over any conflicting provision of this section. (See e.g., Cal. Code Regs., tit. 8, § 11070(15), Cal. Code Regs., tit. 8, § 11090(15).) California law requires an employer to endeavor to provide a safe and healthy workplace. (Cal. Code Regs., tit. 8, §3203.)

Further, California Labor Code section 6720 required the California Division of Occupational Safety and Health ("Cal/OSHA") to propose an indoor heat illness standard by January 1, 2019. (Lab. Code §6720.) Cal/OSHA's draft standard applies its proposed regulations to "all indoor work areas where the temperature equals or exceeds 82 degrees Fahrenheit when employees are present."



August 19, 2022
Page 4

As set forth above, the Company also failed to pay Claimant and, on information and belief, other aggrieved employees an additional hour of pay when they were not provided with compliant recovery periods.   The Company also failed to provide Claimant and, on information and belief, other aggrieved employees with compliant recovery periods because it did not provide them off-duty access to shade when the outdoor temperature at the worksite exceeded 80 degrees Fahrenheit.   Furthermore, Claimant and other aggrieved employees were subjected to excessive heat and/or humidity resulting in temperatures equaling or exceeding 82° F and/or to excessive cold temperatures. The Company failed to provide Claimant and other aggrieved employees with reasonable comfort by maintaining the indoor temperature within the range of industry standards by, inter alia, providing adequate air conditioning or heat, ventilation, etc. The Company also failed to maintain the temperature in toilet rooms, resting rooms, and change rooms during hours of use to no less than 68° F. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### FAILURE TO MAINTAIN ACCURATE RECORDS
(Labor Code sections 1174, 1174.5, 1198, and the "Records" section of the Applicable IWC Wage Order)

Labor Code section 1174 states, "[e]very person employing labor in this state shall… [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, …, employees employed at the respective plants or establishments."

The "Records" section of the applicable IWC Wage Order states that every employer shall keep accurate information with respect to each one of its employees, including time records showing when the employee begins and ends each work period and meal period, total hours worked in the payroll period and applicable rates of pay, and total wages paid each payroll period.

Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records.  This civil penalty is in addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d).

As set forth above, the Company violated these requirements by failing to record all recovery period premiums owed.  Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(Labor Code sections 226, 226.3, and 1198)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate, itemized wage statement in writing with respect to each of its employees showing: "(1) gross wages earned, (2) total hours worked by the employee, …, (5) net wages earned, …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and entitles an employee to an award of costs and



August 19, 2022
Page 5

reasonable attorney's fees.  Labor Code section 226.3 imposes an additional civil penalty on the employer of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000 per employee for each violation in a subsequent citation.

The Company failed to provide Claimant and, on information and belief, other aggrieved employees with accurate itemized wage statements that comply with the requirements of the Labor Code because the wage statements issued did not include the recovery period premiums owed. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved employees to the extent allowed by law.

## FAILURE TO TIMELY PAY ALL WAGES DUE
(Labor Code sections 201, 202, 203, 204, 210, 1194, 1194.2, 1198, and the "Minimum Wages" section of the Applicable IWC Wage Order)

Labor Code section 204(a) states in pertinent part, "[a]ll wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Furthermore, Labor Code section 204(b)(1) states, "all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period." The requirements of Labor Code section 204 are "deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period. Labor Code section 204(d). Labor Code section 210 provides that, "every person who fails to pay the wages of an employee as provided in Section…204…shall be subject to a civil penalty" of $100 for an initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation. The "Minimum Wages" section of the applicable IWC Wage Order also states that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

Labor Code section 201 states, in pertinent part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states, in pertinent part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in pertinent part, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

As set forth above, the Company further violated this Labor Code section by not paying to Claimant and, on information and belief, other aggrieved employees all recovery period premium wages, within the required time during and upon separation of their employment. As a result of the Company's failure to comply with the aforementioned Labor Code provisions, the Company owes waiting time penalties to Claimant and, on information and belief, other aggrieved employees, which they have not yet

August 19, 2022
Page 6



paid.  Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## <u>CIVIL PENALTIES FOR VIOLATION OF THE LABOR CODE AND IWC WAGE ORDERS</u>
(Labor Code sections 558, 558.1, and 1197.1)

Labor Code section 558 subjects any employer or any person acting on behalf of an employer who violates Part 2, Chapter 1, of the Labor Code (Labor Code §§ 500-558.1) or any provision regulating the hours and days of work in any IWC Wage Order to a civil penalty as follows: "[f]or any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

Labor Code section 558.1(a) states, "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wage or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This includes the owners, officers, directors, or managing agents of the employer.  Labor Code section 558.1(b).

Similarly, Labor Code section 1197.1 subjects any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: "(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

As set forth above, the Company underpaid Claimant and, on information and belief, aggrieved employees and violated the Labor Code and the applicable IWC Wage Order by failing to pay them all regular, minimum, and overtime wages, meal, rest, and recovery period premium wages, and business expense reimbursements, as required under Labor Code sections 203, 226, 226.7, 510, 512, 1194, 1197, 1198, 2802, and the applicable sections of the applicable IWC Wage Order. As a result, the Company is liable for civil penalties under Labor Code sections 558, 558.1, and 1197.1.  Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

August 19, 2022
Page 7



### ATTORNEY'S FEES, COSTS, INTEREST, LIQUIDATED DAMAGES, AND PENALTIES
(Labor Code sections 210, 218.5, 218.6, 225.5, 226(e),
558, 1194, 1194.2, 1197.1, 2802, and 2699, et seq.)

Labor Code sections 210, 218.5, 218.6, 225.5, 226(e), 558, 1194, 1194.2, 1197.1, 2802, and 2699, et seq., among others, give employees the right to recover in a civil action the unpaid balance of the full amount of minimum wages, regular wages, overtime compensation, damages, liquidated damages and penalties, including interest thereon, as well as reasonable attorney's fees and costs.

Pursuant to Labor Code section 2699, et seq., an aggrieved employee is entitled to 25% of the penalty assessment, which is $100 for the first violation and $200 for each subsequent violation. Accordingly, the Company is liable for these items in addition to the unpaid wages. Claimant has already incurred actual damages, costs and attorney's fees and they will continue to incur costs as a result of the Company's unlawful actions. Claimant will pursue all available remedies, including those provided by PAGA, for these violations on behalf of himself and other aggrieved employees.

### CONCLUSION

The facts and claims contained herein are based on the information available at the time of this writing. Therefore, if through discovery and/or expert review, Claimant becomes aware of additional compensation owed to him or other losses incurred by him or by any other aggrieved employee of the Company, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in his complaint.

Very truly yours,

Erik Dos Santos

EDS/MV

**Magdalena Valdez**

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY <lwdadonotreply@dir.ca.gov> |
| **Sent:** | Friday, August 19, 2022 1:32 PM |
| **To:** | Magdalena Valdez |
| **Subject:** | State of California - Department of Industrial Relations Customer Receipt / Purchase Confirmation |

*** [CAUTION: This email originated from outside of Graham Hollis. Do not click links or open attachments unless you recognize the sender and know the content is safe] ***

Thank you for your payment.

Order Information
Merchant: State of California - Department of Industrial Relations

Case Number: LWDA-CM-902894-22
Order Number: ORD-000190284
Total:$75.00
Card Type: Visa
Date: 8/19/2022
_____

Billing Information
Name: Graham Hollis
Email: mvaldez@grahamhollis.com
Billing Address:
3555 Fifth Ave, Suite 200
San Diego, California
92103

**Magdalena Valdez**

**From:**         noreply@salesforce.com on behalf of LWDA DO NOT REPLY <lwdadonotreply@dir.ca.gov>
**Sent:**          Friday, August 19, 2022 1:32 PM
**To:**            Magdalena Valdez
**Subject:**       Thank you for submission of your PAGA Case.

*** [CAUTION: This email originated from outside of Graham Hollis. Do not click links or open attachments unless you recognize the sender and know the content is safe] ***

8/19/2022

LWDA Case No. LWDA-CM-902894-22
Law Firm : GrahamHollis APC
Plaintiff Name : Mark Hendrickson
Employer: Wal-Mart Associates, Inc.
Filing Fee : $75.00
IFP Claimed : No

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: https://url.emailprotection.link/?bWhZGmtVpkolk3PyXCFMH4PF8pRZR0-JgiPF7QETj_UxW5y1YhA9kQUfo4OtjAcmum2SmR46sljNeUcz_f60P3AIYd4RUZuY5ZKdYbpHgM-D2BPYxSV9fTgX3mRRc8OB8

## Electronic Delivery Confirmation™



GrahamHollis APC
3555 5TH AVE STE 200
SAN DIEGO CA 92103-5057

**$6.81    US POSTAGE**
FIRST-CLASS
Aug 19 2022
Mailed from ZIP 92103
2 oz First-Class Mail Letter

11923275



stamps
endicia

062S0012913542

**USPS CERTIFIED MAIL**

**9414 8118 9876 5815 1019 77**

Wal-Mart Associates, Inc.
co CT Corporation System AFSOP
330 N BRAND BLVD STE 700
GLENDALE CA 91203-2336

| | |
|---|---|
| Reference | 35090-00001 HENDRICKSON WALMART MV |
| USPS # | 9414811898765815101977 |
| USPS Mail Class | Certified with Return Receipt (Signature) |
| USPS Status | Your item was picked up at a postal facility at 7:45 am on August 23, 2022 in GLENDALE, CA 91209. |
| USPS History | Arrived at Post Office, 08/22/2022, 11:02 am, GLENDALE, CA 91209 |
| | Available for Pickup, 08/22/2022, 10:15 am, GLENDALE, CA 91209 |
| | Departed USPS Regional Facility, August 21, 2022, 5:26 pm, SANTA CLARITA CA DISTRIBUTION CENTER |
| | Arrived at USPS Regional Facility, August 20, 2022, 6:20 am, SANTA CLARITA CA DISTRIBUTION CENTER |
| | Arrived at USPS Regional Facility, August 19, 2022, 8:40 pm, SAN DIEGO CA DISTRIBUTION CENTER |

**Electronic Delivery Confirmation Report © 2022 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com. USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2022** Certified Mail Envelopes, Inc. www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com
**Date Verified: 08/24/2022 00:33:36 (UTC)**

**UNITED STATES POSTAL SERVICE**

August 23, 2022

Dear Reference  35090 00001 HENDRICKSON WALMART MV:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9876 5815 1019 77**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | August 23, 2022, 7:45 am |
| **Location:** | GLENDALE, CA 91209 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

| Recipient Signature | |
| --- | --- |
| Signature of Recipient: |  |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004