UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HENDRICKSON, individually and on behalf of others similarly situated and/or aggrieved employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 23-cv-00110-AJB-MSB<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**<br><br>**(Doc. No. 40)** |

Presently pending before the Court is Defendant Wal-Mart Associates, Inc.'s motion to dismiss Count 3 of Plaintiff Mark Hendrickson's Fourth Amended Complaint ("4AC") for alleged violations of California's Unfair Competition Law. (Doc. No. 40.) The motion is fully briefed, (Doc. Nos. 42 & 43), and the matter is suitable for determination on the papers. *See* S.D. Cal. Civ. L. R. 7.1.d.1. For the reasons stated herein, Walmart's motion to dismiss is **DENIED AS MOOT** and Plaintiff's claim under the UCL is remanded to the San Diego County Superior Court.

///

///

1

## I. BACKGROUND

Plaintiff is a current employee at Walmart's El Centro location, where he works both indoors and outdoors. (4AC, Doc. No. 39, ¶¶ 9, 27, 29.) Plaintiff originally filed his complaint in the Superior Court of California, County of San Diego on December 14, 2022. (Doc. No. 1-2.) Walmart thereafter removed the case to federal court. (Doc. No. 1.) Plaintiff asserts four causes of action against Walmart: (1) failure to provide recovery periods (Cal. Lab. Code §§ 226.7 & 6720, and Cal. Code Regs. Tit. 8 § 3395); (2) failure to provide accurate itemized wage statements (Cal. Lab. Code §§ 226, 226.3, and 1198); (3) violation of California's unfair competition law ("UCL") (Cal. Bus. & Prof. Code § 17200 *et seq.*); and (4) violation of the Private Attorneys General Act (Cal. Lab. Code § 2698 *et seq.*). (*See generally* 4AC.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the

complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), *superseded by statute on other grounds*, ADA Amendments Act of 2008, Pub. L. No. 110-325, §§ 4(a), 8, 122 Stat. 3555).

## III.  DISCUSSION

Here, Plaintiff's third claim alleges Walmart violated the UCL. (4AC ¶¶ 147–72.) Plaintiff's UCL allegations are derivative of his California Labor Code claims. Specifically, Plaintiff asserts Walmart's "(i) failure to provide proper recovery periods and pay Plaintiff and the UCL Subclass premium wages for failure to provide compliant recovery periods; (ii) failure to provide to adequate air conditioning, shade, and/or water; (iii) failure to maintain accurate records; and (iv) failure to provide Plaintiff and the UCL Subclass with accurate itemized wage statements" all amount to unfair and/or unlawful business practices in violation of the UCL and the Labor Code. (*Id.* ¶ 150.) Plaintiff seeks equitable remedies in the form of "restitution of all wages and all monies owed[.]" (*Id.* ¶ 172.)

### 1.  Rule 12(g)(2) Waiver

As an initial matter, Plaintiff argues Walmart waived its right under Federal Rule of Civil Procedure 12(g)(2) to bring a motion to dismiss for Plaintiff's alleged failure that he lacks an adequate remedy at law. (Doc. No. 42 at 10.) Specifically, Plaintiff asserts Walmart did not raise this defense to Plaintiff's UCL claim until Walmart's previous 12(b)(6) motion to dismiss regarding Plaintiff's Third Amended Complaint. (*Id.* at 11; *see* Doc. No. 33.) The Court notes Plaintiff did not raise this argument in response to Walmart's previous motion to dismiss. (*See* Doc. No. 35.)

Rule 12(g) provides, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P 12(g). However, "[t]he consequence of omitting a defense from an earlier motion under Rule 12 depends on [the] type of defense omitted." *In re Apple iPhone Antitrust Litig.*

3

("*Apple*"), 846 F.3d 313, 317–18 (9th Cir. 2017); Fed. R. Civ. P. 12(g)–(h). "Simply put, a defendant who omits a defense under Rules 12(b)(2)–(5) entirely waives that defense, whereas a defendant who omits a defense under 12(b)(6) does not." *Wagnon v. Rocklin Unified Sch. Dist.*, No. 2:17-cv-01666-TLN-KJN, 2021 WL 1214571, at *5 (E.D. Cal. Mar. 31, 2021); *see Apple*, 846 F.3d at 317–18; Fed. R. Civ. P. 12(h)(1)–(2). Indeed, the Ninth Circuit has adopted a "very forgiving" approach to Rule 12(g), which allows district courts to consider new arguments in successive motions to dismiss under Rule 12(b)(6) in the interest of judicial economy. *Apple*, 846 F.3d at 318–19; *Cuviello v. City of Vallejo*, No. 16-cv-02584-KJM-KJN, 2020 WL 6728796, at *4–5 (E.D. Cal. Nov. 16, 2020) (drawing on the "practical wisdom" of other districts and the Circuit's "forgiving" stance and considering defendants' late-filed 12(b)(6) motion on the merits despite the language of Rules 12(g)(2) and 12(h)(2)); *but see In re Packaged Seafood Prods. Antitrust Litig.*, 277 F. Supp. 3d 1167, 1174 (S.D. Cal. 2017) (declining to exercise its discretion to disregard Rule 12(g)(2) where the defendant raised a new argument in the 12(b)(6) motion before the court not raised in a previous 12(b)(6) motion to dismiss).

Thus, the Court declines to find Walmart waived its inadequate legal remedy defense to Plaintiff's UCL claim by failing to file it in their first two Rule 12(b)(6) motions.

### 2. UCL Claim

Walmart argues Plaintiff's UCL claim must be dismissed because Plaintiff does not allege his legal remedies are inadequate. (Doc. No. 40 at 12–13.) Specifically, Walmart argues Plaintiff seeks restitution solely for the fourth year preceding the three-year statute of limitations governing his Labor Code claims, but the Ninth Circuit has held that a legal claim under the Labor Code is not inadequate simply because of a shorter statute of limitations. (*Id.* at 12 (citing *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 n.2 (9th Cir. 2022)).) The Court agrees.

"[T]he UCL provides only for equitable remedies. Prevailing plaintiffs are generally limited to injunctive relief and restitution." *Hodge v. Superior Ct.*, 145 Cal. App. 4th 278, 284, (2006); *accord Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144

(2013) ("Through the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices."). Although "[e]quitable jurisdiction is distinct from subject matter jurisdiction, . . . both are required for a federal court to hear the merits of an equitable claim." *Guzman*, 49 F.4th at 1314; *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975). Unlike state courts, federal courts have equitable jurisdiction to award equitable relief only where a plaintiff has no adequate legal remedy based on the same harm. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020). Thus, where monetary damages provide an adequate remedy, a federal court may not consider the merits of equitable claims for restitution, disgorgement, or injunctive relief. *See Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992); *see, e.g.*, *Feitelberg v. Credit Suisse First Bos., LLC*, 134 Cal. App. 4th 997, 1009 (2005) (noting restitution and injunctive relief are equitable in nature). Plaintiffs bear the burden to establish they lack an adequate damages remedy before they can obtain equitable relief. *See Sonner*, 971 F.3d at 844.

Here, Plaintiff asserts he lacks an adequate remedy at law for violations suffered beyond the three-year statute of limitations governing his Labor Code claims. (4AC ¶ 170.) Thus, Plaintiff seeks restitution under the UCL "solely for the fourth year preceding the three-year statute of limitations governing the claims under Labor Code § 226.7." (*Id.*) To this point, Plaintiff asserts he does not merely seek the same amount in restitution that he seeks in damages for the same harm, and that any remedy that does not provide for the payment of all owed and unpaid wages fails to provide a complete remedy. (Doc. No. 42 at 9 (citing *Cook v. Matrix Absence Mgmt., Inc.*, --- F. Supp. 3d ----, No. 23-cv-05690-PCP, 2024 WL 3077160, at *5 n.1 (N.D. Cal. June 20, 2024)).)

The Court finds Plaintiff's argument has been considered—and rejected—by the Ninth Circuit in *Guzman*. *See* 49 F.4th at 1313 n.2. Specifically, the court acknowledged the UCL had a longer statute of limitations than the comparator statute at issue in that case and declined to find the difference makes the legal remedy inadequate so as to require the district court to exercise its equitable jurisdiction. *Id.* at 1311, 1313 n.2, 3. Applying *Guzman*, as it must, the Court similarly rejects Plaintiff's argument that a shorter statute of

limitations period makes the legal remedy under the Labor Code inadequate such that Plaintiff could bring his equitable UCL claim in federal court. Consequently, the Court finds it futile to amend the Complaint to this effect.

Finally, Walmart asserts Plaintiff's UCL claim should be dismissed with prejudice because Plaintiff's defective UCL claim cannot be cured. (Doc. No. 40 at 13.) Plaintiff responds that if the Court finds Plaintiff has not sufficiently pled a lack of adequate legal remedies, his UCL claim should be remanded to state court, or, alternatively, dismissed without prejudice to re-file in state court. (Doc. No. 42 at 17.) In *Guzman*, the Ninth Circuit noted that because the district court lacked equitable jurisdiction, it should have dismissed the UCL claim before it without prejudice. 49 F.4th at 1315. Thus, the Court turns to whether Plaintiff's UCL claim should be remanded or dismissed without prejudice to re-file in state court.

As explained in *Morgan v. Rohr, Inc.*, No.: 20-cv-574-GPC-AHG, 2023 WL 7713582 (S.D. Cal. Nov. 15, 2023), *appeal dismissed sub nom. Morgan v. Hamilton Sundstrand Corp.*, No. 23-4236, 2024 WL 1152284 (9th Cir. Feb. 28, 2024), "the claims in *Guzman* were filed in federal court, [and thus] remand was not an option. As such, *Guzman* did not foreclose remand." 2023 WL 7713582, at *3. The court thus concluded "that *Guzman* does not require a dismissal of the UCL claim and permits the Court to review the facts of the case to determine whether a remand is warranted." *Id.* Walmart asserts *Morgan* does not apply because there, the court had already certified classes and the parties had engaged in pre- and post-certification discovery. (Doc. No. 43 at 5 (citing *Morgan*, 2023 WL 7713582, at *1, *4).) However, the *Morgan* court also noted that "[t]o the extent that tolling of the statute of limitations is not available, forcing Plaintiffs to refile their claims may extinguish the UCL claims of certain plaintiffs." 2023 WL 7713582, at *5. "This procedure to extinguish claims timely filed in the proper forum would encourage the sort of gamesmanship disfavored by courts of equity." *Id.* Indeed, dismissing a plaintiff's UCL claim without prejudice and requiring them to re-file the case in state court "could place the case in the 'perpetual loop' of '(1) [P]laintiff's re-filing in state court,

followed by (2) removal by [D]efendant[] and then (3) dismissal by this Court.'" *Ruiz v. The Bradford Exchange, Ltd.*, No.: 3:23-cv-01800-WQH-KSC, 2024 WL 2844625, at *5 (S.D. Cal. May 16, 2024).

As noted by *Morgan*, "[a] number of district court decisions have found that remand of a UCL claim was warranted where courts lacked equitable jurisdiction." *Id.*; *see, e.g.*, *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 872 (N.D. Cal. 2021); *Haver v. Gen. Mills, Inc.*, No.: 3:24-cv-01269-CAB-MMP, 2024 WL 4492052, at *4 (S.D. Cal. Oct. 11, 2024); *Cook*, 2024 WL 3077160, at *5; *Ruiz*, 2024 WL 2844625, at *5–6; *Granato v. Apple Inc.*, No. 5:22-CV-02316-EJD, 2023 WL 4646038, at *5 (N.D. Cal. July 19, 2023); *Clevenger v. Welch Foods Inc.*, No. SACV 23-00127-CJC-JDEx, 2023 WL 2390630, at *4 (C.D. Cal. Mar. 7, 2023). Thus, the Court concludes a court declining to exercise jurisdiction in accordance with equitable principles may partially remand an action.

The Court concludes that precedent and interests in fairness and economy all favor remand. Remand will return the UCL claim to the state court "more efficiently." *Guthrie*, 561 F. Supp. 3d at 880.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** Walmart's motion to dismiss. Plaintiff's UCL claim is to be severed and remanded to the Superior Court of San Diego County (originally filed as Case No. 37-2022-00049939-CU-OE-CTL).

**IT IS SO ORDERED.**

Dated: November 26, 2024

Hon. Anthony J. Battaglia
United States District Judge