UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HENDRICKSON, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., et al.,<br><br>        Defendants. | Case No.: 23-cv-00110-AJB-BJW<br><br>**ORDER DENYING JOINT MOTION TO AMEND SCHEDULING ORDER TO ACCOMMODATE MEDIATION ON FEBRUARY 12, 2026**<br><br>**(Doc. No. 82)** |

Before the Court is the Joint Motion to Amend Scheduling Order to Accommodate Mediation on February 12, 2026. (Doc. No. 82.) The parties seek an approximately 60-day continuance of all remaining dates and deadlines from the Court's February 10, 2025 Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings (Doc. No. 53). (Doc. No. 82 at 4–5.) In support of the joint motion, the parties state:

> Immediately upon completion of their written discovery, deposition efforts, and the closing of the factual record in this matter on December 17, 2025, the Parties engaged in substantive settlement discussions. To that end, the Parties have agreed to mediate and have reserved the first-available date with mediator Kevin T. Barnes of February 12, 2026.

(*Id.* at 3.) This is the parties' eighth request to continue discovery- and/or pre-trial-related deadlines. (Doc. Nos. 58; 60; 65; 67; 71; 74; 77; 80.)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Following the parties' December 12, 2025 Joint Motion to Continue Deadline to Disclose Identity of Experts (Doc. No. 80), Magistrate Judge Brian J. White held a status conference with the parties "to discuss various deadlines in the case, namely the Dispositive and Class Certification Motion Deadlines currently set for February 5, 2026 and February 6, 2026, respectively." (Doc. No. 81.) The Court additionally stated "[n]o further discovery or expert related extensions will be granted absent extraordinary circumstances." (*Id.*)

Such circumstances are not present here. It appears that the parties waited until after "completion of their written discovery, deposition efforts, and the closing of the factual record in this matter on December 17, 2025," to "engage[] in substantive settlement discussions." (Doc. No. 82 at 3.) Nothing prevented the parties from initiating substantive settlement discussions before December 17, 2025. Indeed, the parties had an early neutral evaluation conference before Magistrate Judge Michael S. Berg on January 31, 2025. (Doc. No. 52.) This apparent delay presumably contributed to a "first-available date with mediator Kevin T. Barnes" (Doc. No. 82 at 3) that falls after the parties' February 5, 2026 dispositive motion deadline. The parties have known of this pending deadline since February 10, 2025, and were reminded of it on December 15, 2025. (Doc. Nos. 53; 81.)

Based on these facts, the Court concludes that good cause is not present to amend the February 10, 2025 Scheduling Order to continue all remaining deadlines by 60 days.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610.

Insofar as the parties have now "agreed to mediate" (Doc. No. 82 at 3), the Court notes that the parties may engage in such settlement proceedings before Magistrate Judge White. The parties may contact Magistrate Judge White's chambers to schedule a mediation session.

Accordingly, the Joint Motion to Amend Scheduling Order to Accommodate Mediation on February 12, 2026, is **DENIED**. (Doc. No. 82.) The pending deadlines of the February 10, 2025 Scheduling Order (Doc. No. 53) remain in full effect. No further continuances will be granted absent extraordinary circumstances.

**IT IS SO ORDERED.**

Dated: January 8, 2026

Hon. Anthony J. Battaglia
United States District Judge